

# NUMBER 13-21-00283-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GREG ABBOTT, IN HIS OFFICIAL CAPACITY
AS GOVERNOR OF TEXAS, AND KEN PAXTON,
IN HIS OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF TEXAS,                    Appellants,

v.

POINT ISABEL INDEPENDENT SCHOOL DISTRICT,        Appellee.

### On appeal from the 444th District Court of Cameron County, Texas.

# ORDER

**Before Chief Justice Contreras and Justices Longoria and Silva
Order Per Curiam**

In this interlocutory appeal, Greg Abbott, in his official capacity as Governor of

Texas, and Ken Paxton, in his official capacity as Attorney General of Texas, challenge

a temporary injunction granted in favor of Point Isabel Independent School District

(PIISD). By two issues, appellants assert that (1) the trial court abused its discretion, and exceeded its jurisdiction, in granting PIISD's request for a temporary injunction, and (2) the trial court erred in implicitly denying appellants' plea to the jurisdiction. The primary issue in this appeal is whether Governor Abbott, under the authority granted by the Legislature in the Texas Disaster Act, may issue an executive order that prohibits PIISD from requiring face coverings for its students and staff.

This appeal has been fully briefed and is ready for our consideration. Appellants have filed their appellants' brief, PIISD has filed its appellee's brief, and PIISD has filed several letter briefs containing additional authorities for our review. However, on January 27, 2023, the Texas Supreme Court granted petitions for review in three cases that are directly relevant to the issues presented in this appeal and set those cases to be heard at oral argument in that court on February 22, 2023: (1) *Abbott v. City of San Antonio*, 648 S.W.3d 498 (Tex. App.—San Antonio 2021, pet. granted), pending in cause number 21-1079 in the supreme court; (2) *Abbott v. Jenkins*, No. 05-21-00733-CV, 2021 WL 5445813 (Tex. App.—Dallas Nov. 22, 2021, pet. granted) (mem. op.), pending in cause number 21-1080 in the supreme court; and (3) *Abbott v. Harris County, Texas*, 641 S.W.3d 514 (Tex. App.—Austin 2022, pet. granted), pending in cause number 22-0124 in the supreme court.

On its own motion, this Court, having fully examined and considered the issues raised and the briefing presented in this case, concludes that this appeal should be abated until such time as the Texas Supreme Court may decide the issues presented in the foregoing cases. In so ruling, we note that PIISD has offered each of these cases in

2

support of its position in this appeal. Judicial economy dictates that we should abate the instant appeal pending the guidance that the supreme court's disposition of these cases may provide.

Accordingly, we ABATE this appeal and remove it from the Court's active docket until such time as the Texas Supreme Court issues its opinion in the direct appeal on one of the aforementioned cases. After that opinion issues, we direct appellants to promptly file a motion to reinstate this appeal, which shall reference and include a copy of the opinion issued by the supreme court. The parties shall thereafter provide this Court with supplemental briefing as to the impact, if any, that the supreme court's opinion has on this appeal. Appellants' supplemental brief shall be filed within twenty-one days from the date that this appeal is reinstated, and appellee's supplemental brief shall be filed within fourteen days thereafter.

PER CURIAM

Delivered and filed on the
1st day of February, 2023.